UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-60500-BLOOM/Valle

JUNIA ALEXANDRE,

    Plaintiff,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, *et al.*,

    Defendants.
_____/

**ORDER DENYING LEAVE TO
PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Junia Alexandre's ("Plaintiff") Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3] ("Motion"), filed on March 7, 2022. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Complaint is dismissed, and the Motion is denied as moot.

**I.    FACTUAL BACKGROUND**

On March 7, 2022, Plaintiff initiated this action against Defendants.[1] ECF No. [2] ("Complaint"). According to the Complaint, Plaintiff submitted a I-130 Petition for Alien Relative ("Petition") on her spouse's behalf on February 27, 2020. *Id.* at 5. Plaintiff received a Notice of Action from the USCIS on March 3, 2020. *Id.*; *see also* ECF No. [2-2]. Despite contacting the USCIS Contact Center on multiple occasions, Plaintiff has not received a response or approval

---

[1] The named Defendants to this action are Daniel Renaud, *Director of Vermont*; Alejandro Mayorkas, *Secretary of Homeland Security*; Ur M. Jaddou, *Director of USCIS*; Christopher A. Wray, *Director of FBI*; U.S. Attorney; and USCIS.

notice corresponding to the Petition. ECF No. [2] at 5. Based on the foregoing, Plaintiff requests that the Court "step in and help [Plaintiff] in deciding a solution in this situation." *Id.* Plaintiff also requests that the "USCIS revisit [the] case and figure out why [the] [P]etition is still pending outside of the processing time." *Id.*

## II. LEGAL STANDARD

Plaintiff has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis*, the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court

determines that the complaint satisfies any of the three enumerated circumstances under § 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

**III. DISCUSSION**

Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Complaint does not set forth cognizable claims. As an initial matter, it is not fully clear what causes of action Plaintiff alleges or even the basis for the Court's jurisdiction. Indeed, while Plaintiff has designated

the nature of this action as "Other Immigration Actions" and "immigration delay," ECF No. [2-1], Plaintiff has failed to set forth a single cause of action in the Complaint. *See generally* ECF No. [2]. Thus, because the Complaint fails to set forth any specific cause of action, invoke the elements of any claim, or otherwise plausibly state a claim for relief, dismissal is warranted.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [2]**, is **DISMISSED without prejudice**.
2. The Motion, **ECF No. [3]**, is **DENIED as moot**.
3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, March 8, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Junia Alexandre
2061 W. Atlantic Blvd.
Apt. 112
Pompano Beach, FL 33069